An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1204

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

STATE OF NORTH CAROLINA

    v.                                Guilford County
                                  No. 12 CRS 74220
CURTIS MARIO BENTON


Appeal by Defendant from judgment entered 15 May 2013 by Judge David L. Hall in Guilford County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Attorney General Roy Cooper, by Associate Attorney General J. Rick Brown, for the State.*
>
> *Mark L. Hayes for Defendant.*


DILLON, Judge.


While reserving the right to appeal the denial of his motion to suppress, *see* N.C. Gen. Stat. § 15A-979(b) (2011), Defendant pled guilty on 6 May 2013 to possession with intent to sell or deliver marijuana and to possession of marijuana on the premises of a local confinement facility. In a judgment signed 6 May 2013 and filed 15 May 2013, the trial court consolidated Defendant's offenses for judgment, suspended a prison sentence

of seven to eighteen months, and placed him on thirty-six months of supervised probation.

We note that Defendant has filed a petition for writ of certiorari with this Court, acknowledging a possible jurisdictional defect in his notice of appeal. The State has not moved to dismiss Defendant's appeal, nor does it oppose review by writ of certiorari pursuant to N.C.R. App. P. 21(a)(1). We elect to grant Defendant's petition for writ of certiorari and review the merits of his appeal.

\* \* \* \*

This case is a companion of *State v. Jackson*, No. COA13-743 (May 20, 2014). Defendant and Tijoun Jackson, the *Jackson* defendant, were stopped by Officer T.D. Brown of the Greensboro Police Department on the evening of 9 April 2012 in front of a convenient store as they were parting company. Incident to Officer Brown's investigatory stop, he determined that Mr. Jackson had a gun. Another police officer, who arrived on the scene shortly after Officer Brown made the initial stop, found marijuana during a search of Defendant.

On 4 January 2013, Defendant filed a motion to suppress the marijuana found on his person, arguing, in part, that Officer Brown's investigatory stop violated his constitutional rights.

On 25 April 2013, the trial court denied Defendant's motion. On 6 May 2013, Defendant entered an *Alford* plea and was sentenced to seven to eighteen months of active imprisonment, with the execution of the sentence suspended and Defendant placed on supervised probation for thirty-six months. Defendant appeals.

\* \* \* \*

On appeal, Defendant argues, *inter alia*, that the trial court erred in denying his motion to suppress because Officer Brown did not have reasonable suspicion that he was involved in criminal activity when he made his investigatory stop of Defendant and Mr. Jackson. *See State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994). Similarly, Mr. Jackson filed a motion to suppress in his case based on this same issue, a motion which was also denied by the trial court and which formed the basis of his appeal to this Court in *Jackson*.

In the present case, we are bound by our decision in *Jackson*, where this Court, by a 2-1 vote, held that Officer Brown's investigatory stop was invalid. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Though Defendant and Mr. Jackson were ultimately *searched* by different officers, they were both initially *stopped* by the same officer, at the same time, under the same circumstances. Therefore, consistent

with our mandate in *Jackson*, we reverse the trial court's order denying Defendant's motion to dismiss and vacate Defendant's conviction entered following his *Alford* plea.

REVERSED in part; VACATED in part.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).